UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

BRET W. MASSEY,

                Defendant.

_____/

Criminal Case No. 2:17-cr-20632-3
Civil Case No. 2:19-cv-12323

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING REQUEST TO REOPEN THE § 2255 CASE [271]**

Nearly two years before the date of this order, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. ECF 183. The Court granted Defendant's requests for an extension to file a brief in support of the motion. ECF 236. The Court ordered Defendant to file a brief no later than May 22, 2020. *Id.* at 3300. But Defendant failed to do so.

The Court therefore asked Defendant to show cause no later than December 31, 2020 for why the § 2255 motion should not be dismissed for failure to prosecute. ECF 255. The show cause order informed Defendant that failing to respond would lead the Court to dismiss the motion without prejudice. *Id.* at 3538. After Defendant failed to respond, the Court dismissed the § 2255 motion without prejudice for failure to prosecute. ECF 263, PgID 3635.

Nearly six months later, Defendant requested that the Court reopen the § 2255 case and allow him to amend his § 2255 motion. ECF 271. Defendant claimed that he

1

never received the Court's orders, and he blamed the COVID-19 pandemic for his failure to respond to the Court's orders or to file a brief supporting the § 2255 motion. *Id.* at 3658–60.

Because Defendant is pro se, the Court must liberally construe his motion. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). Defendant's request is best construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60 and for leave to file an amended § 2255 motion under Rule 15(a). *See* ECF 271, PgID 3658–60; *see also Rule 12 Governing Section 2255 Proceedings for the United States District Courts* ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The Court did not hold a hearing for the pending civil motion because Defendant is in custody. E.D. Mich. L.R. 7.1(f)(1); *see also* E.D. Mich. L.R. 59.1.

## LEGAL STANDARD

I.   <u>Motion for Relief from Judgment</u>

The Court may grant a Rule 60 motion for several reasons, including "mistake" or "excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief from judgment requires "a party [to] establish that the facts of its case are within one of the enumerated reasons [] in Rule 60(b)." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). A Rule 60 motion "must be made within a reasonable time" but a party alleging "mistake" or "excusable

neglect" must move "no more than one year after entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

II.    Motion for Leave to Amend the § 2255 Motion

Although courts may liberally permit amendments to pleadings, motions to amend a § 2255 motion face a greater burden when a defendant seeks to amend the § 2255 motion after an adverse judgment. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). In a post-judgment motion to amend, a party must meet both "the modest requirements of Rule 15, [and] the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). Because of that, post-judgment motions to amend hinge on the same factors under Rule 15 and Rule 60. *Id.*; *see also Leisure Caviar, LLC*, 616 F.3d at 616.

## DISCUSSION

The Court will first deny the motion for relief from judgment. After, the Court will deny the motion for leave to file an amended § 2255 motion.

I.    Motion for Relief from Judgment

After reviewing the timely motion for relief from judgment, Defendant appeared to assert that he is entitled to relief because of a mistake or excusable neglect under Rule 60(b)(1). *See* ECF 271, PgID 3658–60. Rule 60(b)(1) relief "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake . . ., or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th

Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). When a party claims excusable mistake, the Court must evaluate three factors.

First, the Court must look at Defendant's "culpability—that is, whether the neglect was excusable." *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (quotation omitted). Second, the Court must consider "any prejudice to the opposing party." *Id.* (quotation omitted). And third, the Court must consider whether Defendant "holds a meritorious underlying claim." *Id.* (quotation omitted). But the Court must first find that Defendant lacked culpability under the first factor before assessing the last two factors. *Id.* (quotation omitted).

Under the culpability factor, the Court finds that Defendant has not shown excusable neglect. Defendant moved to vacate his sentence two years ago. ECF 183. Because Defendant failed to brief the § 2255 motion then, *see id.*, Defendant requested several extensions to do so, ECF 193; 203; 216. The Court later ordered Defendant to file a brief. ECF 236, PgID 3300. But Defendant failed to brief the § 2255 motion within seventeen months of filing it and the Court dismissed the case for failure to prosecute. ECF 255; 263.

To this day, Defendant still has not filed a brief despite having nearly two years to complete it. Beyond that, it appears that Defendant still has not completed his brief because he has asked for leave to amend his § 2255 motion. ECF 271, PgID 3658.

Although the mail service at Defendant's prison seems to be delayed, *see* ECF 271, PgID 3659–60, the mail service is not to blame for Defendant's failure to brief the § 2255 motion in two years' time. *Williams v. Arn*, 654 F. Supp. 241 (N.D. Ohio

4

1987) (Defendant "must show more than the mere failure to receive notice of a judgment to receive Rule 60(b) relief."). Nor is the COVID-19 pandemic to blame for Defendant's failure. Defendant had plenty of time before the pandemic and since then to brief the motion. *See Reyes*, 307 F.3d at 457–58 (noting that "a vague explanation" for "fail[ing] to file a response to the motion by the extended due date" did not establish excusable neglect). To be sure, Defendant errantly believed—based on what other prisoners told him—that his § 2255 motion was on so-called "COVID Hold," which, according to Defendant meant that the Court had adjourned the May 2020 briefing deadline. But Defendant's misplaced trust does not excuse his "affirmative duty to monitor" the docket. *Tomaz v. Huss*, No. 18-2032, 2019 WL 1167814, at *2 (6th Cir. Jan. 14, 2019) (order) (quoting *Yeschick*, 975 F.3d at 629).

Put simply, Defendant's delayed brief writing and unwise trust in fellow prisoners is to blame for failing to prosecute the § 2255 motion. Because Defendant's neglect is inexcusable, the Court need not assess the other factors outlined in *Yeschick*. The Court will therefore deny relief under Rule 60(b)(1). Because Defendant cannot show that his case fits within a Rule 60(b) ground for relief, the Court will deny the motion for relief from judgment.

II.   <u>Motion for Leave to File an Amended § 2255 motion</u>

"Unless post-judgment relief is granted, the district court lacks power to grant a motion to amend . . . under Rule 15(a)." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (cleaned up) (quoting *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994)). Because the Court has denied Defendant's post-

judgment request for relief, the Court will deny the motion for leave to file an amended § 2255 motion.

III.   <u>Certificate of Appealability and In Forma Pauperis Status</u>

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show "that reasonable jurists could debate whether" the Court should have resolved the § 2255 motion "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the motion because Defendant failed to prosecute the § 2255 motion, despite having plenty of time. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the request to reopen the § 2255 case [271] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 27, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

7